### BUTLER MFG. CO. v. STEEL PRODUCTS CO., Inc.

No. 349.

District Court, S. D. Georgia, Savannah Division.

Aug. 19, 1940.

Thomas E. Scofield and Henry L. Shenier, both of Kansas City, Mo., and Hitch, Denmark & Lovett, and A. B. Lovett, all of Savannah, Ga., for plaintiff.

Connerat & Hunter and E. Ormonde Hunter, all of Savannah, Ga., and H. L. Foster, of Washington, D. C., for defendant.

BARRETT, District Judge.

This suit is based upon alleged infringement of two patents of the plaintiff and seeks injunction and damages.

In addition to the exhibits and record evidence there were some 119 pages of oral testimony, and supplementing all of this elaborate briefs have been filed by both sides.

Unless the court is under a great misapprehension the issues involved are narrow, and much of the testimony and much of the arguments are superfluous as to enlightenment on the issues. The court therefore will deal only with what he considers essential.

As to the mechanical patent, No. 2,056,820, reliance is placed entirely upon claims 3 and 4, which read as follows:

"3. A tank divided into compartments and adapted to be mounted on a tank vehicle, said tank having a longitudinal dome extending substantially the entire length thereof and formed integrally therewith to act as a stiffening member, said dome furnishing an expansion space for the compartments of the tank.

"4. In a tank for a tank vehicle, a shell formed with an integral dome extending longitudinally of said shell for substantially the entire length thereof, said dome forming a vapor space for liquid within said tank and acting as a stiffening means for said shell."

An examination of the "wrapper" discloses that the application for the patent was rejected several times and it was only after the fourth amendment, and even then after some discussion, that the patent was granted as now set forth in the aforesaid claims.

In my opinion the patent never would have been granted had it not embodied the statement of having a dome "formed integrally therewith to act as a stiffening

member" and, as stated in claim 4, "In a tank for a tank vehicle, a shell formed with an integral dome"; and I think that it is clearly manifest that integral thus used was dealing with "structure" as distinguished from "performance and function". For a discussion of the difference between the two see Clipper Belt Lacer Co. v. E-W Company, 6 Cir., 237 F. 602, cited on page 30 of defendant's main brief, and cases on the next succeeding pages of such brief.

By reason of the record in connection with the grant of the patent as well as by reason of the fact that the patent affected a crowded art and by reason of each one of these elements taken separately "integral" will be given the construction stated above.

### Findings of Fact.

1. Butler Manufacturing Company, the plaintiff, is the owner of mechanical letters patent 2,056,820, and of design letters patent 95,219.

2. The creation of a tank and dome pressed or molded from one continuous piece of metal into a vehicle tank is a novelty and is covered by said mechanical patent.

There is no claim that this feature of the patent was violated by the Steel Products Company.

3. The tanks created by the Steel Products Company were complete in themselves, without spaces for the expansion of gases. Such spaces for expansion were created by structures superimposed upon the tank itself and not made as a part of the tank in its construction.

4. The question as to the stiffening effect of the dome created under the Butler patent is immaterial in this case, because the defendant's dome was not continuous either the entire length of the tank or substantially the entire length of the tank and was not made as a part of the structure of the tank itself.

5. The Butler patent covers a tank with the dome "formed integrally therewith". There is only one skin to the tank and dome. In the Steel Products Company tanks there is one skin for the tank and another skin for the dome. The following questions indicate that the plaintiff's main witness, Bradley, recognized this fact:

"The Court: You get this by the dome as a part of the shell? A. Yes sir.

"The Court: And they get theirs by putting the expansion above? A. Yes sir; adding to it.

"The Court: What difference was there between the two? A. The main difference was the fact that the expansion dome had been molded into one, while on that tank the expansion dome is added.

"The Court: Isn't that the vital difference between them? A. Yes sir."

6. It is manifest by the most cursory examination that the domes of the defendant's tanks are not continuous, as described and insisted upon in the Butler tanks. That the dead segments or wedges used on the defendant's tanks were not a part of the domes is made additionally clear by the testimony of Mr. Bradley, as follows:

"The Court: Mr. Bradley just what is the definition of a dome? A. Judge it is that portion of the tank used to allow the liquid to expand.

"The Court: Would you say that a hollow receptacle attached to the tank but which had no opening between it and the tank or any part of the tank was a part of the dome? A. No sir."

7. The only evidence introduced as to the infringement of the design patent, No. 95,219, were photographs of the rear side and end of the Steel Products Company's tank vehicle, plaintiff's exhibit 4. Between the two are noted the following differences, as pointed out in the brief of defendant's counsel:

1. Catwalks are differently located.

2. There is a ladder at the end of Steel Products tank necessary to reach the catwalk on top, which is not included in the Bradley design.

3. There is only one catwalk on the Steel Products vehicle on the top of it while there are two in the Bradley design, one on each side.

4. There are four steps (two on each side) in the Bradley design to reach the catwalks which are entirely lacking on the Steel Products vehicle.

5. There is a skirt between wheels in the Bradley design which is entirely lacking in the Steel Products vehicle, which by the way entirely changes the appearance.

It may be added that there is this radical difference also, that is, that the defendant's tank is constructed to be supported by a chassis while the Butler tank does not require a chassis.

346

### Conclusions of Law.

1. Letters patent No. 2,056,820 and claims 3 and 4 thereof are good and valid under the interpretation of such sections 3 and 4 as above stated, that is, that "integral" or "integrally" is limited to "structure" and can not be extended to "performance and function".

2. The design patent No. 95,219 is valid to the extent, but only to the extent, in the specific way in which such design is sought to be framed.

3. Both of the aforesaid patents are the property of the Butler Manufacturing Company.

4. The tanks being constructed by the Steel Products Company do not infringe upon either of the aforesaid patents.

5. There is no justification for the grant of an injunction or for the recovery of damages by reason of the construction by the defendant of the tanks as they have been and are now being constructed.

The defendant is entitled to a decree in its favor and the same may be presented.

Costs are to be taxed against the plaintiff.